UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH TORRES, | Case No. 3:15-cv-00198-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee. (Dkt. nos. 1-1 and 5.) The Court notes that petitioner has a previous case under 28 U.S.C. § 2254 with respect to the conviction challenged in this newly-submitted petition: *Torres v. Benedetti, et al.*, 3:07-cv-00563-ECR-RAM.[1] In that proceeding, the court dismissed the petition with prejudice based on a finding it was untimely-filed. (Dkt. nos. 19 and 20, 3:07-cv-00563-ECR-RAM.)

Under 28 U.S.C. § 2244(b), where the petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in a prior

---

[1] Both the current petition and the petition in 3:07-cv-00563-ECR-RAM challenge petitioner's Nevada conviction on April 1, 2004, for second degree murder with use of a deadly weapon.

application ((b)(1)), or a claim that was not presented in a prior application ((b)(2)) unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, 28 U.S.C. § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

The dismissal of a federal petition on the ground of untimeliness is a determination "on the merits" for purposes of § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). With the exception of Ground Three, the claims in the current petition are claims that either were or could have been raised in earlier petition. Because Ground Three seeks relief based on an allegation that the state court improperly dismissed his second post-conviction proceeding on state procedural grounds (dkt. no. 1-1 at 7), it is not cognizable in this federal proceeding. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.").

Petitioner has not made a sufficient showing that the exceptions outlined in 28 U.S.C. § 2244(b)(2) apply. Further, he has failed to secure an order from the court of appeals authorizing this action as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court is without jurisdiction to consider the habeas petition submitted herein.

*Certificate of Appealability*

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or

judge issues a certificate of appealability); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2254 petition is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

It is therefore ordered that the Clerk shall file the petition for writ of habeas corpus (currently docketed as dkt. no. 1-1).

It is further order that the petition is dismissed without prejudice. The Clerk shall enter judgment accordingly.  A certificate of appealabilty is denied.

It is further order that petitioner's motions to proceed *in forma pauperis* and for appointment of counsel (dkt. nos. 4 and 7) are denied as moot.

DATED THIS 18th day of May 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE